I

**In the Matter of Louis SEIF, Bankrupt-Appellant.**

(Circuit Court of Appeals, Second Circuit. February 16, 1926.)

No. 233.

Appeal from the District Court of the United States for the Eastern District of New York.

Reuben Dorfman, of New York City, for appellant.

Harry Sena, of New York City (Samuel Rose, of New York City, of counsel), for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. Order affirmed in open court.

2

**H. M. SMITH, Appellant, v. UNITED STATES and Portland Stevedoring Company, a Corporation, Appellees.**

(Circuit Court of Appeals, Ninth Circuit. February 23, 1926.)

No. 4747.

Appeal from the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Lord & Moulton, of Portland, Or., and Walter E. Hettman, of San Francisco, Cal., for appellant.

George Neuner, U. S. Atty., and Erskine Wood, both of Portland, Or., for the United States.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This was a libel by a longshoreman against the shipowner and a stevedoring company to recover damages for personal injuries. At the time of receiving the injuries complained of, the libelant was standing on a hatch covering, assisting other longshoremen in dragging a heavy tarpaulin over the hatch. While thus engaged, the tarpaulin slipped from his hand, he lost his balance and stepped back or down onto the guard or covering of some steam pipes extending along beside the hatch, and his foot passed between the guards or covering, causing injury to his leg.

Two grounds of negligence were charged in the libel: First, failure to furnish sufficient light; and, second, failure to furnish a safe place to work, because of the size of the opening in the guard or covering of the steam pipes. The court below found that the working place was sufficiently lighted, and that in any event the absence of sufficient light was not the proximate cause of the accident because the same misstep would have been taken whether the place was sufficiently lighted or otherwise. The court further found that the guard or covering over the steam pipes was an approved and usual one on vessels of this type and such as was practical for use. A decree of dismissal was entered accordingly, and the libelant has appealed.

The questions involved on the appeal are simple questions of fact, and the findings of the court below, based on testimony taken in open court, are so amply supported by the testimony that further discussion would seem uncalled for. The light at the place of work would seem sufficient for the purpose, but, in any event, as said by the court below, there was no connection whatever between the absence of light and the injury complained of, because the same misstep would have been taken, whether the light was good or bad. The guard over the steam pipes serves two purposes: One to protect the pipes from injury by the cargo, and the other to protect those on deck from coming in contact with the pipes. Experience has shown that at least 50 per cent. of the space above the pipes must be left open; otherwise, high seas dashing against the hatch will raise and destroy the guard. After various experiments with other forms of guard, the kind here in use has been adopted and is in general use on vessels of this type. As said by the court below, the guard is ample for the purposes intended, and leaves the working place reasonably safe, in view of all the circumstances.

The decree of the court below is therefore affirmed.

3

**George Winship TAYLOR, as Trustee, etc., Plaintiff-Appellee, v. F. C. HICKS, as Alien Property Custodian, and Another, Defendants-Appellees, and Gerhard & Stey, G. M. H., Appellant.**

(Circuit Court of Appeals, Second Circuit. February 18, 1926.)

No. 203.

Appeal from the District Court of the United States for the Southern District of New York.

Paul Schnitzler, of New York City, for appellant.

Dean Hill Stanley, of Washington, D. C., for appellees.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. Appeal dismissed in open court.